IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ANTHONY JOSEPH CUNDIFF, #368-279 *

v. * CIVIL ACTION NO. RDB-11-1840

DANIEL WEBSTER,[1] et al., *

## MEMORANDUM OPINION

On July 1, 2011, Petitioner Anthony Joseph Cundiff filed the instant 28 U.S.C. § 2254 habeas corpus application attacking his convictions for theft scheme over $500 and credit card fraud entered in 2008. ECF No. 1. Respondents have filed a limited answer to the Petition (ECF No. 6), making this case ready for dispositive review. After examining these papers, the Court finds no need for an evidentiary hearing. *See* Rule 8(a), *Rules Governing Section 2254 Cases in the United States District Courts; see also* 28 U.S.C. § 2254(e)(2). For the reasons that follow, the Petition will be denied without prejudice as unexhausted.

### Procedural History

Cundiff pleaded guilty on April 24, 2008, in the Circuit Court for Carroll County to one count of theft scheme over $500 and one count of credit card fraud. He was sentenced to seven years and nine months incarceration for the theft scheme and an eighteen month concurrent term for credit card fraud. ECF No. 6, Ex. 1. His did not file application for leave to appeal. *Id.*

Cundiff filed a timely motion for modification of sentence on June 25, 2008, which was denied on July 15, 2008. *Id.* Cundiff filed two additional motions for modification on April 15, 2009 and April 18, 2011, which were also denied by the court. *Id.*

Cundiff filed a petition for post-conviction relief in the circuit court on July 1, 2011. No hearing has been held on the petition. Despite, Cundiff's moving to withdraw the petition, as of the within signature date it remains pending. *Id.*

When filing a federal habeas corpus application under 28 U.S.C. § 2254, a petitioner must show that all of his claims have been presented to the state courts. *See* 28 U.S.C.

---

[1] Petitioner has filed a "Petition to Modify or Amend" seeking to reflect the correct name of Respondent Darryl Webster. ECF No. 4. The Motion shall be granted.

§ 2254(b) and (c); *see also Preiser v. Rodriguez*, 411 U.S. 475, 491 (1973). This exhaustion requirement is satisfied by seeking review of the claim in the highest state court with jurisdiction to consider it. For a person convicted of a criminal offense in Maryland this may be accomplished either on direct appeal or in post-conviction proceedings. To exhaust a claim through post-conviction proceedings, it must be raised in a petition filed in the Circuit Court and in an application for leave to appeal to the Court of Special Appeals. *See* Md. Ann. Code Art. 27, § 645I (1996 Repl. Vol.). If the Court of Special Appeals denies the application, there is no further review available and the claim is exhausted. *See* Md. Cts. & Jud. Proc. Code Ann., §12-202 (1995 Repl. Vol.). If, however, the application is granted but relief on the merits of the claim is denied, the petitioner must seek certiorari to the Court of Appeals. *See Williams v. State*, 292 Md. 201, 210-11 (1981). Cundiff has not completed post-conviction review and his Petition here shall be dismissed without prejudice as unexhausted, to allow him to refile this case after completion of state remedies.

Cundiff is advised that the Antiterrorism and Effective Death Penalty Act of 1996 amended 28 U.S.C. § 2244 to impose a one-year filing deadline on state prisoners filing applications for a writ of habeas corpus in federal court.[2] Should he wish to refile this Petition

---

[2]This section provides:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or

once he has exhausted his available state court remedies, Cundiff should take care not to miss this deadline.[3]

A habeas petitioner has no absolute entitlement to appeal a district court's denial of his motion. *See* 28 U.S.C. § 2253(c) (1). A certificate of appealability ("COA") may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253 (c) (2). When a district court dismisses a habeas petition solely on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid clam of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rouse v. Lee*, 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack v. Daniel*, 529 U.S. 473, 484 (2000)). The Court will not issue a COA because Petitioner has not made the requisite showing.

A separate order follows.

October 3, 2011
Date

RICHARD D. BENNETT
UNITED STATES DISTRICT JUDGE

---

        claim is pending shall not be counted toward any period of limitation under this
        subsection.

[3] Respondents argue that Petitioner's claim is already time barred. ECF No. 6. The Court declines to reach this issue at this time, given the unexhausted nature of Petitioner's claims.

3